MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
MICHAEL H. RAICHELSON (SBN 174607)
michael.raichelson@balboacapital.com
BRIAN DA COSTA (SBN 342660)
brian.dacosta@balboacapital.com
BALBOA CAPITAL CORPORATION
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff,
BALBOA CAPITAL CORPORATION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINGDALE FAMILY PRACTICE, PA, a South Carolina professional corporation; and JOHN ROBERT DUNN, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>1. **BREACH OF EQUIPMENT FINANCING AGREEMENT**<br>2. **BREACH OF PERSONAL GUARANTY** |

   Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff" alleges as follows:

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant Springdale Family Practice, PA ("Springdale Family Practice") is, and at all times mentioned herein was, a South Carolina professional corporation and doing business in the County of Lexington, State of South Carolina.

3. Defendant John Robert Dunn, ("Dunn") is, and at all times herein mentioned was an individual residing in and doing business in the County of Lexington, State of South Carolina.

4. Defendant Dunn is an officer, director, shareholder, agent, member and/or owner of Springdale Family Practice.

5. Plaintiff is unaware of the true names, capacities, and relationships of the Doe defendants, as well as the extent to their participation in the conduct herein alleged but are informed and believe and thereon allege that said Doe defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.

6. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known

about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

7. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

8. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant Springdale Family Practice and Defendant Dunn agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **You submit to the exclusive and mandatory jurisdiction of CA** and agree that CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

9. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

10. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

# FIRST CLAIM

**(Breach of Equipment Financing Agreement against Springdale Family Practice)**

11. Balboa incorporates Paragraphs 1 through 10, inclusive, of the Preliminary Allegations herein as though set forth in full.

12. Prior to March 10, 2022, Balboa is informed and believes that Defendant Springdale Family Practice initiated and engaged with Wise Funding Group - Cutera, located at 1039 Westlake Corp Kannapolis, NC 28081, ("Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (the "Collateral") for its business.

13. Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated the submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, the Equipment Vendor concluded that Balboa offered agreeable terms to finance the Collateral commensurate with Defendants' requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from the Defendants to finance the Collateral being supplied by the Equipment Vendor.

14. On or about March 10, 2022, Balboa executed and delivered to Springdale Family Practice a certain written Equipment Financing Agreement No. 394883-000 (the "EFA"), under the terms of which BALBOA loaned to Springdale Family Practice the principal sum of one hundred ninety two thousand sixty five dollars and zero cents ($192,065.00) in order to finance the equipment. The EFA required Springdale Family Practice to make six (6) monthly payments of $99.00 and sixty (60) monthly payments of $4,194.08, payable on the eighth day of each month, beginning May 8, 2022. A true and correct copy of the EFA is attached hereto as Exhibit "1" and incorporated herein by reference.

15. The last payment made by Springdale Family Practice was credited towards the May 8, 2023, monthly payment. Therefore, on or about June 8, 2023, Springdale Family Practice breached the EFA by failing to make the monthly payment due on that date and, therefore, is due for the June 8, 2023 and July 8, 2023 monthly payments. As of the date of the filing of Balboa's Complaint, there became

due the sum of $8,388.16. Springdale Family Practice's failure to make timely payments is a default under the terms of the EFA.

16. Additionally, the terms of the EFA provide that Defendant Springdale Family Practice is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $754.93 are now due and owing.

17. Finally, the terms of the EFA provide that Defendant Springdale Family Practice is liable to Balboa for chase fees. As of the date of the filing of Balboa's Complaint, chase fees in the sum of $95.00 are now due and owing.

18. In accordance with the EFA, and as a proximate result of Springdale Family Practice's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA. Therefore, there became due the sum of $209,704.02. These amounts are exclusive of interest, attorney fees and costs, no portion of which sum has been paid by Springdale Family Practice.

19. Balboa has performed all of the terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA, except as excused or prevented by the conduct of Springdale Family Practice.

20. As a proximate result of Springdale Family Practice's breach of the EFA, Balboa has been damaged in the total sum of $218,942.11, plus interest at the rate of ten percent (10%) per annum from June 8, 2023, until the entry of judgment herein.

21. Under the terms of the EFA, Springdale Family Practice promised to pay all costs, including reasonable attorney fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorney fees and costs.

## SECOND CLAIM

### (Breach of Personal Guaranty Against Dunn)

22. BALBOA incorporates Paragraphs 1 through 21, inclusive, of the Complaint herein as though set forth in full.

23. Concurrent with the execution of the EFA, and to induce Balboa to enter into the EFA with Springdale Family Practice, Dunn guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty ( "Guaranty") is attached hereto as Exhibit "1" and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Personal Guaranty, except as excused or prevented by the conduct of Dunn.

25. Following a default by Springdale Family Practice, Balboa demanded that Dunn make the payments required under the EFA. Dunn failed to make the payment required under the EFA.

26. Pursuant to the terms of the Personal Guaranty, the sum of $218,942.11, plus interest at the rate of ten percent (10%) per annum from June 8, 2023, is due and payable to Balboa from Dunn. This Complaint, in addition to previous demands, shall constitute demand upon Dunn to pay the entire indebtedness due and owing from Springdale Family Practice to Balboa under the terms of the EFA.

27. Under the terms of the Guaranty, Dunn promised to pay all costs, including reasonable attorney fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Balboa Capital Corporation prays for Judgment against Defendants, and each of them, as follows:

1. For the total sum of $218,942.11, plus interest at the rate of ten percent (10%) per annum from June 8, 2023;
2. For fees and charges in an amount to be proven at trial;
3. For reasonable attorney fees and costs; and
4. For such other and further relief as the Court may deem just and proper.

**BALBOA CAPITAL CORPORATION**

Dated: August 7, 2023

By: /s/ Michael H. Raichelson
MARISA D. POULOS
MICHAEL A. RAICHELSON
BRIAN DA COSTA
Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION